Territorial Law Library

FILED
SUPERIOR COURT

2013 NOV -4 PM 4: 01

OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CF0056-13 |
| ) | |
| ) | |
| vs. ) | **DECISION AND ORDER** |
| ) | **ON MOTION TO SUPPRESS** |
| ) | |
| RODOLFO P. ORALLO, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 6, 2013 on Defendant's Motion to Suppress. The People were represented by Assistant Attorney General James Collins. Defendant Rodolfo Orallo, Jr. was represented by Attorney Suresh Sampath. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Orallo was arrested on or about January 31, 2013 while driving in Tamuning. The record before this Court indicates that the arresting officer initially pulled the Defendant's vehicle over because of his failure to observe a red light in executing a U-turn. During the course of the vehicle stop, police seized a number of items which included suspected methamphetamine, a glass pipe, and a firearm with several rounds.

On June 7, 2013, Defendant filed a motion to suppress evidence seized during the traffic stop. He argues the search and subsequent seizure of items found on Defendant's person and within the vehicle should be suppressed as there was no warrant, there was no consent to a search, and no items were in plain view.

On June 19, 2013, the People filed their opposition to Defendant's motion. It is argued against suppressing the evidence as the circumstances surrounding the stop and eventual arrest of Defendant satisfy Constitutional standards. Significant factual disputes exist in the motion and the opposition. An evidentiary hearing was held on August 6, 2013.

The People called the police officer who conducted the stop of Defendant's vehicle. He testified that he observed Defendant run a red light in the execution of a U-turn. During the stop, Defendant could not produce identification. After the officer observed Defendant was behaving nervously and was reaching under his seat, he asked the Defendant to exit the vehicle. The officer testified that it was at this point the Defendant's body language placed the officer on high alert and the officer was concerned for his safety. He conducted a pat down of Defendant's outer clothing, which was described as a long-sleeved camouflage jacket.

When the officer patted on the jacket, he felt a bulge underneath Defendant's right arm. The officer testified that he opened the jacket and observed a black pouch strapped to Defendant's torso. According to his testimony, the officer asked Defendant for his consent in opening the bag, which Defendant gave orally. When the officer opened the pouch, suspected methamphetamines were found. The officer asked another officer who had come to the scene to keep an eye on Defendant as the officer searched inside the passenger cab of the vehicle and found another pouch, this one containing a firearm and bullets. Defendant was then arrested and placed in a police car and taken for processing.

According to Defendant Orallo, events happened differently. He said he was not wearing a camouflage jacket. Defendant testified that after he was asked to exit the vehicle, he was told to stand back from door and lean against the vehicle.[1] He observed the police lean into his car and begin searching it. As Defendant began to protest the officer's actions, he observed them remove the pouches one at a time

---

[1] Both the officer and Defendant testified that the vehicle is registered to someone other than Defendant.

from the vehicle and open them. He maintains that at no time during this stop did he give consent to search himself or the vehicle. He testified that when he was confronted with what officers found, he asked to speak with an attorney and provided no other statements to officers.

The Court has considered the testimony provided along with the moving papers. For the reasons set forth below, this Court shall deny the motion.

## DISCUSSION

This Court proceeds in its analysis taking the police's version of events as true. As stated *supra*, Defendant argues there was no warrant, there was no consent to a search, and no items were in plain view. The People argue that the evidence is admissible as a valid vehicle search incident to a *de facto* arrest, citing Arizona v. Gant, 556 U.S. 332 (2009) and People v. Cundiff, 2006 Guam 12.

Defendant ignores the vehicle exception to the warrant requirement of the 4th Amendment as announced in Carroll v. United States, 267 U.S. 132 (1925).

> [T]he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of Government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.

*Id*. at 153. That there was no warrant to search Defendant Orallo or the vehicle is not fatal to the use of the evidence obtained during the stop.

Instead, there was consent to search the pouch located under Defendant's arm. Consent to search is a valid exception to the warrant requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Once Defendant Orallo gave his consent to search the pouch, the 4th Amendment was satisfied.

Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules. Maryland v. Pringle, 540 U.S. 366, 370-71 (2003) (quoting Illinois v.

Decision and Order
Case No. CF0056-13

Gates, 462 U.S. 213, 232 (1983). The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances. Pringle at 371. The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. Id. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained. California v. Acevedo, 500 U.S. 565, 580 (1991).

Here, the police observed Defendant reaching below his seat prior to exiting the vehicle. Police obtained his consent to search the pouch on his person. When they did so and found what they suspected to be methamphetamines. This fact, combined with Defendant's reaching below the seat gave the police probable cause to believe that more drugs or other contraband would be found inside the vehicle.

Because probable cause existed for the search of the vehicle, and because the search of the pouch found on Defendant was done with consent, this Court does not reach the People's search incident to *de facto* arrest argument.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Suppress is hereby **DENIED**. A Trial Setting is scheduled for November 12, 2013 at 2:00 p.m.

It is **SO ORDERED** this 4th day of November, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 0 4 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam


**ORIGINAL**